Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| MARITTA ERICKSON  **Plaintiff,**  v.  HILLSBORO MEDICAL CENTER and TRANSAMERICA RETIREMENT ADVISORS, LLC,  **Defendants.** | Case No. 3:22-cv-1208  **COMPLAINT**  (Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) and (a)(3) |

## I. NATURE OF THE CASE

1.

This is an action for the correct determination of Plaintiff's retirement pension benefits under two retirement plans established and administered by the Defendants.

/ /

2.

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## II. JURISDICTION

3.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, *et seq.*, 29 U.S.C. § 1132(a)(1)(B), (3), and (e)(1). Venue is proper under 29 U.S.C. § 1132(e)(2) because, *inter alia*, Defendant Hillsboro Medical Center ("Hillsboro MC") resides in this district.

## III. PARTIES

4.

Plaintiff Maritta Erickson is a retired registered nurse living in Washington County, Oregon and, at all times material, was an "employee" of Hillsboro MC (previously known as Tuality Healthcare until November, 2019), as defined by ERISA, 29 U.S.C § 1002(6).

5.

Plaintiff is a "participant" in the Tuality Healthcare Retirement Plan ("Frozen Plan") and the Tuality Healthcare Cash Balance Pension Plan ("Cash Balance Plan"), as defined by ERISA, 29 U.S.C § 1002(7).

6.

Hillsboro MC is the "plan sponsor" and "administrator" of the Frozen Plan and the Cash Balance Plan, as defined by ERISA, 29 U.S.C § 1002(16), and is a "fiduciary" of both plans, with respect to Plaintiff's retirement pension claim, as defined by ERISA, 29 U.S.C § 1002(21).

7.

Defendant Transamerica Retirement Center, LLC ("Transamerica"), is the recordkeeper, benefit calculator, and administrator of the Frozen Plan and is a "fiduciary," as defined by ERISA, 29 U.S.C § 1002(21), respect to Plaintiff's claims.

### IV. STATEMENT OF FACTS

8.

Plaintiff was hired by Hillsboro MC on October 20, 1986, and retired on June 15, 2020.

9.

Plaintiff participated in the Frozen Plan from October 20, 1986, through August 31, 2012, at which time her participation and benefit accruals were halted, and participated in the Cash Balance Plan from September 1, 2012, through May 31, 2020.

10.

Upon her retirement, Plaintiff selected the "5 Year Certain & Life Annuity" option under the Frozen Plan and the "10 Year Certain & Life Annuity" option under the Cash Balance Plan. Based upon her selections, Defendants calculated her monthly benefits to be $1,636.26 under the Frozen Plan and $227.88 under the Cash Balance Plan.

11.

While completing her retirement and pension paperwork around the time of her retirement, Hillsboro MC's human resources department informed Plaintiff that she did not meet the 1,000 hours-worked standard in Plan Years 1996, 1997, 2000, and 2001 and that therefore those years did not qualify as "Years of Benefit Service" for the calculation of her Frozen Plan benefit.

12.

In letters to Defendants dated June 24 and 26, 2020, Plaintiff questioned Defendants' record keeping of her hours worked during the four years in question. In identical letters dated September 15, 2020 and September 24, 2020, Hillsboro MC stated that it was treating Plaintiff's June 24 and 26, 2020 inquiries as a formal claim for benefits in accordance with the Frozen Plan's claim procedures and ERISA, denied Plaintiff's claim for retirement benefits with respect to Plan Years 1996, 1997, 2000, and 2001, and asserted that its record keeping of Plaintiff's hours was correct.

13.

By letter dated October 2, 2020, Plaintiff appealed Hillsboro MC's claim denial under ERISA and requested an independent review of her claim "pursuant to all rules under the plan."

14.

By letter dated February 5, 2021, Hillsboro MC asserted that sufficient evidence was not found during its review to prove its record keeping of Plaintiff's hours was incorrect and denied Plaintiff's claim for additional years of Benefit Service for Plan Years 1996, 1997, 2000, and 2001.

15.

By letter dated April 9, 2021, Transamerica notified Plaintiff that an audit had revealed that Plaintiff's current Frozen Plan monthly benefit had been overpaid. Transamerica asserted that Plaintiff's pre-1988 monthly benefit had been incorrectly calculated to be $249.57 instead $20.80. Transamerica also stated that Hillsboro MC was aware of the situation and had directed Transamerica to adjust Plaintiff's "monthly benefit payments in accordance with the terms of the

Plan going forward." Transamerica also stated that Plaintiff's benefit would be adjusted to the asserted correct amount of $20.80 as of May 1, 2021, and that Plaintiff would not have to return the previous overpayments.

16.

By letter dated April 26, 2021, Plaintiff questioned Defendants' reduction of her monthly retirement benefit.

17.

By letter dated May 20, 2021, Hillsboro MC stated that it was treating Plaintiff's April 26, 2021 inquiry as a formal claim for benefits in accordance with the Frozen Plan's claim procedures and ERISA, acknowledged Transamerica's mistaken calculation of the pre-1988 monthly benefit, stated that it was not seeking repayment of monies Plaintiff had already received, and denied Plaintiff's requests to delay any benefit reduction and to provide payment to Plaintiff of up to $3,000.00 for her legal and accounting expenses.

18.

By letter dated June 1, 2021, Plaintiff appealed Defendants' decision reducing the amount of her retirement benefits.

19.

By letter dated August 9, 2021, Plaintiff's attorney requested that Hillsboro MC reinstate Plaintiff's monthly retirement benefit as calculated at the time of her retirement, which included retirement pension benefits under the Frozen Plan and the Cash Balance Plan.

/ /

/ /

20.

In response, by letter dated October 8, 2021, Hillsboro MC refused to continue paying Plaintiff the monthly retirement benefit (included the retirement benefit under both the Frozen Plan and the Cash Balance Plan) that had been calculated at the time of Plaintiff's retirement, stating that it was "obligated by law to follow the terms of the Plan." Hillsboro MC stated that its decision was final and that Plaintiff had the right to "bring legal action under ERISA Section 502(a)."

## V. CLAIMS

### FIRST CLAIM--CLAIM FOR BENEFITS, ENFORCEMENT OF RIGHTS AND CLARIFICATION OF FUTURE BENEFIT RIGHTS UNDER ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

21.

Plaintiff realleges paragraphs 1 through 20, above.

22.

Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to: (1) receive retirement pension benefits under the Frozen Plan and the Cash Balance Plan that were withheld as the result of Defendants' incorrect calculations; (2) enforce her rights under the terms of the Frozen Plan and the Cash Balance Plan; and (3) clarify her rights to receive correct future retirement pension benefits under the Frozen Plan and the Cash Balance Plan.

### SECOND CLAIM—CLAIM TO ENFORCE TERMS OF THE FROZEN PLAN AND THE CASH BALANCE PLAN UNDER ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

23.

Plaintiff realleges paragraphs 1 through 22 above.

24.

Pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21), Defendants are responsible for the recordkeeping, calculation, and payment and/or denial of retirement pension benefits under the terms of the Frozen Plan and the Cash Balance Plan and, accordingly, are fiduciaries under ERISA.

25.

ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), states in relevant part that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and…in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter."

26.

Defendants violated their obligations under ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the Frozen Plan and the Cash Balance Plan and have breached their fiduciary duties to Plaintiff.

27.

As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered losses and is entitled to relief under ERISA against Defendants.

/ /

/ /

/ /

28.

Plaintiff seeks recovery of all losses, including, but not limited to, relief compelling Defendants to restore to Plaintiff all losses, including interest, arising from Defendants' breaches of fiduciary duties.

29.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), Plaintiff seeks equitable remedies, including, without limitation, relief from Defendants' unjust enrichment, as well as disgorgement, restitution, estoppel, and surcharge arising out of Defendants' failure to properly administer the terms of the Frozen Plan and the Cash Balance Plan.

### THIRD CLAIM – CLAIM FOR ATTORNEY FEES AND COSTS UNDER ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)

30.

Plaintiff re-alleges paragraphs 1 through 29, above.

31.

Plaintiff is entitled to her attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

### VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

1. Enter judgment in Plaintiff's favor for damages in an amount to be proven at trial to provide Plaintiff the correct amount of retirement pension benefits due under both the

Frozen Plan and the Cash Balance Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. §132(a)(1)(B);

2. Enter judgment in Plaintiff's favor establishing her right to receive correct retirement pension benefits under the Frozen Plan and the Cash Balance Plan and enforcing the terms of the both Plans pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

3. Enter judgment in Plaintiff's favor and against Defendants for equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3);

4. Award Plaintiff her attorney fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 502(g)(2);

5. Award Plaintiff prejudgment interest; and

6. Order such other relief as this Court deems just and proper.

DATED: August 16, 2022.

Respectfully submitted,

s/ Megan E. Glor
Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Attorneys for Plaintiff