**Stanton R. Gallegos, OSB #160091**
StantonGallegos@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085

Attorneys for Defendant Transamerica Retirement Advisors, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARITTA ERICKSON**, | Case No.   3:22-cv-01208-HZ |
| Plaintiff, | **DEFENDANT TRANSAMERICA RETIREMENT ADVISORS, LLC'S MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 52** |
| v. | |
| **HILLSBORO MEDICAL CENTER** and **TRANSAMERICA RETIREMENT ADVISORS, LLC**, | |
| Defendants. | |

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a)(1)(A), counsel for Transamerica Retirement Advisors, LLC ("Transamerica") has conferred with counsel for plaintiff Maritta Erickson ("Erickson") and the parties were unable to resolve this dispute.

## MOTION

Transamerica moves this Court for entry of judgment pursuant to Fed. R. Civ. P. 52 in favor of Transamerica.

## BACKGROUND

To avoid unnecessary duplication, Transamerica incorporates by reference Hillsboro Medical Center's ("HMC") additional background supplemented as follows.  Transamerica became the recordkeeper for the HMC retirement plans in 2018 performing certain

**Page 1 -  DEFENDANT TRANSAMERICA RETIREMENT ADVISORS, LLC'S MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 52**

administrative and payment processing services.  (AR 240-41.)  Transamerica is not the plan

administrator and does not resolve claims for benefits under the plans.  (AR 25, 69-74.)

ARGUMENT

**I.      Erickson's claims fail for the reasons set out in HMC's Motion.**

Transamerica hereby joins and incorporates by reference the arguments made in HMC's

Motion for Entry of Judgment, also filed today.  Erickson's claims should be dismissed for the

reasons stated therein.

**II.     Transamerica is also entitled to judgment in its favor as it does not fund the plans at
        issue or decide claims, and there is no evidence that it otherwise committed any
        wrongful act.**

In addition to the reasons set forth in HMC's motion as incorporated above, Transamerica

is entitled to judgment in its favor because it is not a proper defendant.  As the Ninth Circuit has

held, claims under 29 U.S.C. § 1132(a)(1)(B) may be brought against defendants responsible for

funding the requested benefits or for approving or denying claims for benefits.  *See Spinedex*

*Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1297-98 (9th Cir.

2014) (citing *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc)).

Here, HMC is the sponsoring company that funds the plan, and is the plan administrator

responsible for resolving Erickson's claims for benefits.  (AR 25, 69-74.)  And Erickson's own

Complaint demonstrates that Transamerica was not the decision-maker with respect to her

claims.  (Compl. ¶¶ 12-20.)  Transamerica is thus not a proper defendant and judgment should be

entered in its favor.  *See Sliwa v. Allied Home Mortg. Cap. Corp.*, 2015 WL 56044 at \*3 (D.

Nev. Jan. 5, 2015); *see also Anderson v. Sun Life Assurance of Canada, Inc.*, 647 F. App'x 772,

774 (9th Cir. 2016), *vacated on other grounds*, 652 F. App'x 527 (9th Cir. 2016) ("It is

undisputed that CHS delegated to Sun Life all authority to administer claims, fund benefits, and

determine eligibility for long-term disability benefits under the Plan. There was no evidence that,

following this delegation, CHS had any involvement in the payment or denial of benefits.  Thus,

the district court correctly determined that CHS was not a proper defendant.").

**Page 2 -  DEFENDANT TRANSAMERICA RETIREMENT ADVISORS, LLC'S
           MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 52**

Nor is there any evidence that Transamerica was a fiduciary with respect to the issues raised in Erickson's complaint or that it breached any such duty. Transamerica performed administrative and payment services for the plan. Erickson has not alleged that the *calculation* of Erickson's post-1987 benefit is wrong. Her contention appears to be that HMC's payroll records are incorrect. (Dkt. 1 ¶¶ 12-14.) Even if Erickson could overcome the standard of review and meet her burden of proving that HMC's records are mistaken—and she cannot—there is no evidence of any error by Transamerica in calculating her benefits as alleged in her Complaint.

## CONCLUSION

For the reasons stated above and in HMC's Motion for Entry of Judgment, the Court should dismiss Erickson's claims and enter judgment in favor of Transamerica.

DATED: May 26, 2023.

MARKOWITZ HERBOLD PC

By:    *s/ Stanton R. Gallegos*

Stanton R. Gallegos, OSB #160091
StantonGallegos@MarkowitzHerbold.com
*Attorneys for Defendant Transamerica*
*Retirement Advisors, LLC*

2001302

**Page 3 -  DEFENDANT TRANSAMERICA RETIREMENT ADVISORS, LLC'S
MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 52**